ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JAN 19 P 12: 21
CLERK_____

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| OCTAVIO REYES-MORALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 309-074 |
| ) | |
| WALT WELLS, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 17). Petitioner commenced this case pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") decision to reduce the amount of Good Conduct Time ("GCT") to be applied to his sentence from 54 to 42 days per year following his withdrawal from the Literacy Program at McRae Correctional Facility. (See generally doc. no. 1.) The Magistrate Judge recommended that the instant petition be denied because Petitioner had not shown that he was subject to a final order of removal, deportation, or exclusion such that he might be exempted from required participation in the Literacy Program yet entitled to 54 days per year of GCT under 28 C.F.R. § 523.20 and BOP Program Statement ("PS") 5884.03 § 7(e).

In his objections, Petitioner asserts that, contrary to the Magistrate Judge's determination, he is subject to a final deportation order because the district court judge who imposed the sentence that led to his current incarceration subjected him to a "judicial deportation order." (Doc. no. 17, pp. 2-3 & Ex. 3.) Thus, Petitioner submits that under the

applicable regulations, the sentencing judge's "deportation order" entitles him to 54 days per year of GCT regardless of whether he participates in the Literacy Program.

Petitioner's objections lack merit because he has not shown that the sentencing judge's actions subjected him to a "*final* order of removal, deportation, or exclusion," which is what is required to be entitled to the maximum 54-day per year GCT award despite nonparticipation in the Literacy Program. 28 C.F.R. § 523.20; PS 5884.03 § 7(e) (emphasis added). In promulgating the current version of 28 C.F.R. § 523.20, the BOP explained that, irrespective of literacy program participation, it "will allow 54 days of GCT for each year served if the inmate is an alien with a confirmed order of deportation, exclusion, or removal *from the Executive Office of Immigration Review* [EOIR]."[1] 70 Fed. Reg. 66,752, 66,752 (Nov. 3, 2005) (emphasis added).

Here, the document that Petitioner refers to as a "deportation order" is in fact a document setting forth the conditions of his supervised release. (Doc. no. 17, Ex. C.) One such condition requires that Petitioner be surrendered to immigration officials following his release from imprisonment, and provides that "[a]s a condition of supervised release, *if ordered deported*, [Petitioner] shall remain outside the United States. *Should deportation not occur*, [Petitioner] shall report . . . to the probation office in the district to which he is released." (Id. (emphasis added).) Unlike a *final* deportation order, which is required to qualify for the exception to the Literacy Program, the supervised release condition requiring Petitioner to be surrendered to immigration officials indicates only the *possibility* that Petitioner will be deported after his release. Compare id., with 28 C.F.R. § 523.20 and PS

---

[1]The EOIR is an office of the United States Department of Justice and functions primarily to adjudicate immigration cases.

5884.03 § 7(e) (suggesting that the exception should only apply "after completion of the deportation hearing"). Moreover, the conditions of supervised release set forth by the sentencing judge do not equate to a final deportation order from the EOIR, which the BOP identified as the type of document that would trigger § 523.20's exception to the Literacy Program requirement. See 70 Fed. Reg. at 66,752; see also PS 5111.04 § 7(d) (indicating that judicial deportation orders may be issued U.S. district judges, but that conditions of supervised release do not constitute such orders). Because Petitioner has not shown that he is subject to a final order of deportation, exclusion, or removal, his contention that he is entitled to 54 days of GCT per year served despite not participating in the Literacy Program is without merit. Petitioner's other objections likewise lack merit. Thus, his objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the BOP, Corrections Corporation of America, and McRae Correctional Facility are **DISMISSED** from this case. Furthermore, the petition brought pursuant to 28 U.S.C. § 2241 is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent Wells.

SO ORDERED this ___ day of January, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3